UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 1:10-cr-20 |
| v. ) | |
| ) | Judge Mattice |
| DION AULT ) | |
| *also known as* DON AULT ) | |

## **MEMORANDUM AND ORDER**

Before the Court are Defendant Don Ault's Objections to Magistrate Judge's Report and Recommendation [Court Doc. 27].[1]

Mr. Ault filed his Motion to Suppress [Court Doc. 10], which was referred to Magistrate Judge Susan K. Lee. [Court Doc. 12]. Magistrate Judge Lee held an evidentiary hearing on Mr. Ault's Motion to Suppress and issued her Report and Recommendation [Court Doc. 25] ("R&R"), in which she recommended Mr. Ault's motion be denied.

Mr. Ault timely filed objections to Magistrate Judge Lee's R&R [Court Doc. 27], and the Government responded to his objections. [Court Doc. 18]

The Court has now reviewed the entire record pertinent to the instant objections, and for the reasons described below, the Court will **OVERRULE** Defendant's Objections to the R&R, will **ACCEPT and ADOPT** Magistrate Judge Lee's R&R, and will **DENY** Defendant's Motion to Suppress.

---

[1] The docket for this case reflects that Defendant Ault has filed both a "Notice of Objections to Report and Recommendations" [Court Doc. 26] and a "Objection to Report and Recommendations" [Court Doc. 27]. Other than those slight differences in the descriptions of the documents reflected in the docket text, the documents appear to be completely identical. For ease of reference, therefore, all references to Defendant's objections to the R&R will be to "Objection to Report and Recommendations" [Court Doc. 27].

**I.     STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

**II.    FACTS**

Magistrate Judge Lee held an evidentiary hearing on Defendant's Motion to Suppress on May 11, 2010. The only individual to testify at that hearing was Drug Enforcement Administration Special Agent David Shelton. [Court Doc. 21, Minute Entry for Mot. to Suppress Hr'g; Court Doc. 24, Hr'g Tr.], whose testimony was neither impeached nor discredited and whose testimony Magistrate Judge Lee found "wholly credible."

In her R&R, Magistrate Judge Lee recounted at some length the facts developed at the evidentiary hearing. (Court Doc. 25, R&R at 1-3.) Defendant has not objected to the basic facts as outlined in Magistrate Judge Lee's R&R. Instead, Defendant's objections focus on Magistrate Judge Lee's findings and the legal conclusions as they relate to those facts, especially her finding that Defendant validly consented to the officers' presence in his home in the area where the weapons were found and her application of the plain view doctrine. (Court Doc. 27, Def.'s Objs. to R&R at 6.)

After reviewing the record and finding the facts to be consistent with Judge Lee's R&R, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Lee's R&R. (Court Doc. 25, R&R at 1-3) The Court will refer to the facts only as necessary to

analyze the issues raised on objection.

## III. ANALYSIS

In his objections to Magistrate Judge Lee's R&R, Defendant reiterates his argument that the search was invalid because any "consent" he gave was tainted by the "trickery" the agents employed in "feign[ing] an interest in [Defendant's] '72 Camaro convertible to gain entrance to [Defendant's] home." (Court Doc. 27, Def.'s Objs. to R&R at 4.) As Magistrate Judge Lee noted, and as evidence in the record amply demonstrates, there is no showing that Special Agent Shelton was feigning his interest in the car. (Court Doc. 25, R&R at 5; Court Doc. 24 Hr'g Tr. 8:20-9:22, 23:8-24:9, 26:15-26:22.) Further, even if Special Agent Shelton were employing "trickery" in the form of feigning interest in classic cars, it is well-established that the officers' "deceit does not negate [Defendant's] consent to entry." *United States v. Lord*, 230 F. App'x 511, 514 (6th Cir. 2007) (finding undercover officers' "entry into [defendant's] home under the guise of being real estate investors and the use of that ruse to look into his bedroom closet did not constitute an unreasonable search prohibited by the Fourth Amendment") (citing *United States v. Pollard*, 215 F.3d 643, 648 (6th Cir. 2000) ("[I]t is well established that an undercover officer may gain entrance by misrepresenting his identity and may gather evidence while there."); *United States v. Baldwin*, 621 F.2d 251, 252-53 (6th Cir.1980) ("The Fourth Amendment . . . does not protect wrongdoers from misplaced confidence in their associates. . . . On the contrary, an agent may legitimately gain entrance into a house by misrepresenting his identity.")). Finally, as Magistrate Judge Lee found and as the record amply demonstrates, there is no allegation, nor any evidence to support such an allegation, either that Defendant was

particularly vulnerable to such" trickery" or that the particular form of "trickery" left Defendant with the belief that he had "no choice" but to let the officers in. (Court Doc. 25, R&R at 4-5) (citing *United States v. Hardin*, 539 U.S. 404, 425 (6th Cir. 2008)). Therefore, the Court rejects this argument.

In his objections to Magistrate Judge Lee's R&R, Defendant also argues, for the first time, that "[b]ecause the [G]overnment was not able to establish that Agent Shelton *knew* the Defendant was prohibited person under 18 U.S.C. § 922(g)(1), the incriminating nature of the firearms was not readily apparent and, therefore, their seizure was not proper under the plain view doctrine." (Court Doc. 27, Def.'s Objs. to R&R at 6) (emphasis added). The Government responds (1) that, as Defendant did not advance this argument either in his motion to suppress or before Magistrate Judge Lee at the evidentiary hearing, he is prohibiting from raising this argument for the first time on appeal; and (2) "plain view" cases in the United States Court of Appeals for the Sixth Circuit recognize as valid seizures of weapons in cases similar to Defendant's. (Court Doc. 28, Govt.'s Respon. to Def.'s Objs.)

The Government is correct that Defendant has waived this argument. Although the Sixth Circuit "has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge," in several cases it has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) ("Because Kinsella failed to raise his argument regarding performance deadlines before the magistrate judge and the district judge declined to consider the argument on that basis, it is not properly before us.") (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). *See also*, *United States v. Water*s, 158 F.3d 933, 936 (6th Cir. 1998), *United States*

*v. Hammond*, 234 F.3d 1270 (6th Cir. 2000) (citing *Murr*); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citing *Murr*). As there is no indication of any special circumstances in this case that would make reconsidering this general rule appropriate, the Court finds that Defendant has waived this argument by failing to present it to Magistrate Judge Lee, and therefore the Court will not consider it on this objection.

Even if the Court were, however, to consider this argument–that, because Special Agent Shelton did not have or review beforehand documentary verification that Defendant was an individual currently prohibited from possessing a firearm, the firearms' incriminating nature was not immediately apparent–that argument is without merit.

"[T]he plain view exception permits the warrantless seizure of an object provided that (1) the officer is lawfully positioned in a place from which the object can be plainly viewed; (2) the incriminating character of the object is immediately apparent; and, (3) the officer has a lawful right of access to the object itself."*United States v. Bishop*, 338 F.3d 623, 626 (6th Cir. 2003) (citing *Horton v. California*, 496 U.S. 128, 136-37 (1990) and *Texas v. Brown*, 460 U.S. 730, 741-42 (1983) (holding that, in the ordinary case,[t]he seizure of property in plain view ... is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity.) (internal quotation marks omitted)). In this case, as discussed in-depth both above and in Magistrate Judge Lee's R&R, because of Defendant's valid consent, Special Agent Shelton was lawfully positioned in a place from which the object could be viewed and to which he had a lawful right of access. The only issue, therefore, is whether its incriminating nature was immediately apparent.

Whether probable cause to seize an item is immediately apparent on seeing it is based, in part on "whether the intrinsic nature or appearance of the seized object gives

probable cause to associate it with criminal activity [and] whether probable cause is the direct result of the executing officer's instantaneous sensory perceptions." *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 544 (6th Cir.2003) (citing *United States v. Calloway*, 116 F.3d 1129, 1133 (6th Cir. 1997)). This is not a standard that requires the same proof as must be shown to convict a defendant of the crime: "assuming that there is probable cause to associate the property with criminal activity, however, a plain view seizure is presumptively reasonable and does not require an unduly high degree of certainty." *Id.* (citing *Texas v. Brown*, 460 U.S. 730, 741-42 (1983)) (internal quotation marks omitted). *See also*, *United States v. McLevain*, 310 F.3d 434, 441 (6th Cir. 2002) (noting that "the Supreme Court does not require that officers know that evidence is contraband. Instead, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband . . . ") (internal quotation marks and citations omitted).

In this case, Special Agent Shelton had more than enough facts immediately available to him to believe that the firearms were contraband, including his previous experience with Defendant's criminal history, both his and Agent Sills' belief that Defendant was a convicted felon, and, most importantly, Defendant's responses to his questions about the firearms and his status as a convicted felon, which responses impliedly confirmed that Defendant believed himself to be a convicted felon and unable to possess firearms legally. (Court Doc. 24, Hr'g Tr. 10:19-21, 12:3-12:9, 13:4-13:13, 30:3-30:16.) Further, although Defendant argues that, even as a previously-convicted felon, he could have conceivably possessed the weapon legally after having his rights restored in the interim, as stated previously, the probable cause standard does not require the same level

of proof as to Defendant's status as a felon as would be necessary at trial, and many cases uphold the plain-view seizure of firearms where the officers so seizing have knowledge of or prior experience with the defendant causing them to believe him to be a felon. *United States v. Williams*, 289 F. App'x 868, 871 (6th Cir. 2008) ("[t]he weapon was subject to seizure for the further reason that the officers knew from previous dealings that Williams was a felon."); *United States v. Flores*, 193 F. App'x 597, 604-05 (6th Cir. 2006) ("Although Sergeant Pittak did not personally know Flores was a convicted felon, Detective Earl did have that knowledge and therefore knew that Flores could not possess a firearm. The knowledge that Flores was a convicted felon gave the officers the right to permanently seize the gun."); and *United States v. Frederick*, 152 F. App'x 470, 473 (6th Cir. 2005) (Wh[en] the officers learned . . . that Frederick owned it and that he was a convicted felon [they had] authority to seize the weapon permanently.").

Finally, seizure of an apparently-contraband item under the plain view doctrine has been upheld as constitutional, even where under certain circumstances the item could have been possessed legally. *See, e.g.*, *United States v. Taylor*, 248 F.3d 506, 512 (6th Cir. 2001) ("That the stem of marijuana might later be determined to be from a mature stalk and therefore be excluded from the statutory prohibition on possession-a claim that we do not concede-does not vitiate its incriminating character at the time the officers saw it lying on the coffee table in plain view.") Therefore, although Defendant's "immediately apparent" argument was waived when he did not present it to Magistrate Judge Lee, even if he had validly raised the issue, it would be overruled as without merit.

## IV. CONCLUSION

For the reasons explained above, the Court **ORDERS** the following: (1) Defendant's Objections [Court Doc. 27] are **OVERRULED**; (2) Magistrate Judge Lee's R&R [Court Doc. 25] is **ACCEPTED and ADOPTED**; and (3) Defendant's Motion to Suppress [Court Doc. 10] is **DENIED**.

**SO ORDERED** this 4th day of February, 2011.

           */s/Harry S. Mattice, Jr.*
           HARRY S. MATTICE, JR.
           UNITED STATES DISTRICT JUDGE